UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY CADIERE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2154** |
| **SHERIFF OF TERREBONNE PARISH, ET AL.** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jerry Cadiere, filed the instant *pro se* and *in forma pauperis* federal civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, he alleged that his constitutional rights were violated while he was detained in the Terrebonne Parish Jail in Houma, Louisiana.[1]

Because plaintiff was incarcerated at the time this lawsuit was filed, the Court is mandated by federal law to screen the complaint. For example, federal law provides:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition. – As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.[2]

---

[1] Rec. Doc. 1.
[2] Although plaintiff was released *after* this lawsuit was filed, see Rec. Doc. 5, his complaint nevertheless remains subject to § 1915A's screening provisions. Johnson v. Hill, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997); accord Jackson v. City of New Orleans, Civ. Action No. 09-5836, 2009 WL 4110371, at *1 n.1 (E.D. La. Nov. 24, 2009); Rackley v. Gusman, Civ. Action No. 08-0825, 2009 WL 159170, at *1 n.1 (E.D. La. Jan. 16, 2009).

In order to ascertain the facts necessary to conduct that screening, the undersigned United States Magistrate Judge issued an Order scheduling a telephonic <u>Spears</u> hearing in this matter for October 8, 2020, at 1:30 p.m. Plaintiff was informed that the purpose of the <u>Spears</u> hearing was to examine the basis of his claims.[3] The Order also expressly provided: "**<u>If plaintiff fails to participate in the conference, a report will be issued recommending that this lawsuit be dismissed for failure to prosecute.</u>**"[4] Despite that warning, plaintiff did not participate in the hearing as instructed. However, shortly thereafter, he called the Court's Staff Attorney and explained that he did not understand that he was required to call-in to participate in the hearing. Due to that misunderstanding, the hearing was rescheduled for October 30, 2020.[5]

Unfortunately, the October 30 hearing could not be held due to complications caused by Hurricane Zeta. Therefore, the hearing was rescheduled for November 17, 2020, at 9:00 a.m., and plaintiff was again warned: "**<u>If plaintiff fails to participate in the conference, a report will issue recommending that this lawsuit be dismissed for failure to prosecute.</u>**"[6]

At the designated time on November 17, the Court convened the hearing. Although William F. Dodd and Brian John Marceaux, defense counsel, were on the call to participate on behalf of the defendants, plaintiff once again did not call-in to join the conference call as instructed. The Court then attempted to call plaintiff; however, his telephone number of record was not in

---

[3] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id.</u>
[4] Rec. Doc. 9 (all emphasis in original).
[5] Rec. Doc. 10.
[6] Rec. Doc. 11 (all emphasis in original).

service. Therefore, the Spears hearing was adjourned, and a minute entry was issued containing the following instructions and warnings:

> **IT IS ORDERED** that the Spears hearing is hereby **RESCHEDULED** one last time for **Wednesday, December 2, 2020, at 9:00 a.m.**, before the undersigned United States Magistrate Judge. The hearing will be conducted by telephone <u>with the Court initiating the call</u>. **On or before November 30, 2020, at 5:00 p.m., plaintiff must contact the Court's Staff Attorney at 504-589-7756 to inform him of the number plaintiff wishes the Court to call to connect plaintiff to the hearing on December 2.**
> **This will be plaintiff's FINAL opportunity to participate in a Spears hearing. <u>If plaintiff fails to provide the Court's Staff Attorney with the telephone number to use for the hearing as ordered and/or again fails to participate in the hearing, a report will issue recommending that this lawsuit be DISMISSED WITH PREJUDICE for failure to prosecute.</u>**[7]

In direct violation of that clear order, plaintiff did not contact the Court's Staff Attorney to provide a telephone number for the Spears hearing, and so that hearing was canceled.[8]

In light of plaintiff's repeated failures to participate in a Spears hearing and violations of the Court's orders, dismissal of this lawsuit is now appropriate. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[7] Rec. Doc. 12 (all emphasis in original).
[8] Rec. Doc. 13.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  Here, plaintiff has repeatedly failed to participate in a <u>Spears</u> hearing as ordered.  Due solely to his failure, this Court has no way to gather the facts necessary to screen the complaint as required by federal law.  Accordingly, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 16th day of December, 2020.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**